

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 25, 1939

Hon. Virgil A. Fielden
Chairman
Committee Claims and Accounts
Austin, Texas

Dear Sir:

>                          Opinion No. 0-668
>                          Re: Liability of the State for hospitali-
>                              zation of persons injured by being
>                              shot by employee of Liquor Control
>                              Board.

Your request for an opinion on the following question:

>    "Is State of Texas liable for hospital bill, as result of injuries
>    to person shot by employee of Liquor Control Board, which shooting
>    occurred during a raid of injured party's premises?"

has been received by this office.

The facts, as we understand them, are about as follows:

On November 12, 1936, the sheriff of Morris County, Texas, called upon
the Paris office of the Liquor Control Board for assistance and he was
joined by Inspectors Tom Warren and Y. L. Culp, employees of the Texas
Liquor Control Board, for the purpose of attempting to arrest one Ross
Davis, while in the process of manufacturing illicit liquor in Morris
County. As the officers approached the scene of the still, Ross Davis
and another man by the name of Clyde Pollon, who was assisting him with
the still, started running. Clyde Pollon was captured but Ross Davis
was armed with a German Luger pistol and attempts to frighten him into
submission through the firing of shots were apparently unavailing. The
officers became scattered in the wooded section and during the process
of waiting and searching, Mr. Culp in some manner seems to have shot
Ross Davis in the leg. Culp assumed responsibility for having fired the
shot which struck Davis, but denied intention of hitting him. Mr.
Culp called for an ambulance and accompanied Davis to the Ragland
Clinic-Hospital where he asked the attendants to give medical treatment,
giving assurance that he would do everthing possible to see that
compensation would be made for any service rendered. The Ragland Clinic-
Hospital is now asking the State Legislature to appropriate $889.63 to
to pay Davis's hospital bill.

In the case of Brooks vs. State, 68 SW 2nd 534, in which as application for writ of error was denied, the court says:

> "A State employee injured while working on highway, allegedly by negligence of fellow employee, held not entitiled to recover from the state."

This is not exactly in point but the court goes further and says:

> "The State is engaged in a governmental function and is not liable for the torts or negligence of its servants in absence of express assumption of such liability."

The courts have consistently followed the holding in the Brooks case. In State vs. Perlstein, 79 SW 2nd 143, the court says:

> " A mere moral obligation of the State will not support as appropriation of state money to individuals, unless there is already in force a law which makes the individual's claim a legal obligation of the State."

As the State of Texas, through the Liquor Control Board of the State of Texas, is engaged in a governmental function, we think that the State clearly is not liable for the torts or negligence of the servants of the Liquor Control Board in the absence of express assumption of such liability.

If there is a moral obligation on the part of the State to pay this claim, in view of the decision in the Perlstein case, this alone is not sufficient to support an appropriation of State money to pay same unless there is already in force a law which makes an individual's claim a legal obligation of the State.  There is not such law in force in this State at this time.

We are, therefore, of the opinion that the State of Texas is not legally liable for this man's hospital bill.

We trust that this satisfactorily answers your question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Fred C. Chandler

By Fred C. Chandler
Assistant

FCC:AW:LDW

APPROVED:

s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS